IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| RASHAD ROBINSON, | § | |
| Petitioner, | § | |
| v. | § | No. 12-1144 |
| JOHN "TONY" HOWERTON, | § | |
| Respondent. | § | |

ORDER OF DISMISSAL WITHOUT PREJUDICE,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On June 12, 2012, Petitioner, Rashad Robinson, Tennessee Department of Correction prisoner number 429350, who is currently an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of Tennessee, accompanied by motions seeking leave to proceed *in forma pauperis* and appointment of counsel. (Docket Entries ("D.E.") 1, 2 & 3.) On June 20, 2012, United States District Judge Aleta A. Trauger granted leave to proceed *in forma pauperis* and transferred the case to this district, where the convicting court is located. (D.E. 4.) The case was docketed in this district on the same day. (D.E. 5.)

The Court issued an order on September 28, 2012 directing Robinson to submit an amended petition on the official form within thirty days and denying appointment of counsel. (D.E. 6.) On October 15, 2012, the inmate submitted another § 2254 petition for writ of habeas corpus (D.E. 7), accompanied by an *in forma pauperis* affidavit and a second motion for appointment of counsel. (D.E. 8 & 9.) Robinson's amended petition also was not on the official form and was substantially similar to his original petition. In an order issued on November 14, 2012, the Court ordered Robinson, for the second time, to submit an amended petition on the official form within thirty days. (D.E. 11.) The inmate's copy of this order was misdelivered and, therefore, the Court issued an order on January 3, 2013 instructing the Clerk to mail a copy of the previous order to Petitioner at his correct address and extending his time to submit an amended petition by another thirty days. (D.E. 14.) Robinson has not filed an amended petition on the official form, and the time specified for compliance has expired.

The Court's November 14, 2012 order advised Plaintiff that "[a] failure to comply with any requirement of this order in a timely manner will result in dismissal of the petition without prejudice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute." (D.E. 11 at 2-3.) Therefore, the Court DISMISSES the Petition WITHOUT PREJUDICE pursuant to Rule 41(b). Judgment shall be entered for Respondent.

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. Miller-El v. Cockrell, 537 U.S. 322, 335, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); Bradley v. Birkett, 156 F. App'x 771, 772 (6th Cir. 2005), *reh'g en banc denied* (Jan. 10, 2006). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 336, 123 S. Ct. at 1039 (internal quotation marks omitted); *see also* Henley v. Bell, 308 F. App'x 989, 990 (6th Cir.) (per curiam) (same), *cert. denied*, 555 U.S. 1160, 129 S. Ct. 1057, 173 L. Ed. 2d 482 (2009). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337, 123 S. Ct. at 1039. Courts should not issue a COA as

3

a matter of course.  <u>Bradley</u>, 156 F. App'x at 773 (citing <u>Miller-El</u>, 537 U.S. at 337, 123 S. Ct. 1029).

In this case, there can be no question that Robinson has failed to comply with the order to file an amended petition on the official form that lists the claims he seeks to raise.  Even if the failure to comply is not willful, *see* Fed. R. Civ. P. 83(a)(2), the Court cannot overlook that defect because his petition, as submitted, appears to challenge a disciplinary conviction rather than his criminal convictions for possession of contraband in a penal institution, vandalism, and two counts of assault arising from the same incident.  Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).  In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this

matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[1]

   IT IS SO ORDERED this 27th day of February 2013.

                                       s/ J. DANIEL BREEN
                                       UNITED STATES DISTRICT JUDGE

---

   [1] If Petitioner files a notice of appeal, he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).